Kusuma **WIDJAJA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73200.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.[*]

Filed Dec. 29, 2008.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Orit Levit, Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Kusuma Widjaja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th

** This disposition is not appropriate for publication and is not precedent except as provid-

Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Widjaja's internally inconsistent statements about whether the rioters that came to his auto shop were present when he arrived and immediately attacked him, or whether they arrived later. *See Don v. Gonzales,* 476 F.3d 738, 742 (9th Cir.2007) (holding that inconsistent details about events that form the basis of a claim can support an adverse credibility finding); *see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (a negative credibility finding will be upheld so long as one of the identified grounds underlying the finding is supported by substantial evidence and goes to the heart of the asylum claim). Accordingly, Widjaja's asylum claim fails.

Because Widjaja failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

### PETITION FOR REVIEW DENIED.